Deaderick, J.,
delivered the opinion of the court.
Judgment was rendered against all the plaintiffs in error for the value of certain beef cattle alleged to have been sold to them by the intestate of defendant in error.
Upon the trial below the defendants Tyson and Den-ton made an application for a severance, supporting their application by an affidavit, in which they swear that “defendant Jenkins had no connection with affi-ants in the purchase of the cattle sued for,” and that they could prove certain material facts in their favor by him, and prayed that he be first put upon trial, that they might have the benefit of his testimony.
The court refused to allow the defendants to sever upon the trial, and this refusal, it is now insisted, was erroneous.
There was no error in the refusal of the court to allow such severance for which this court would reverse. To imperatively require the Circuit Court to allow separate trials to each one of numerous defendants to a suit upon the application of any one or more of them would seriously embarrass and delay the disposition of the business of the court. It is better for the public interests that it be left to the discretion of the presiding Judge to determine in each case whether the ends of justice require such severance.
In this particular case there was conflicting testimony before the jury as to Jenkins having been one of the parties purchasing the cattle.
The jury were of opinion that he was jointly liable *21 with the other defendants below for the value of the cattle, and that they were sold to them upon their own credit, and not as agents or officers of the government, and we are of opinion that there is sufficient evidence in the record to sustain this finding.
The charge of the court fairly presented these questions for the consideration of the jury.
Let the judgment be affirmed.